

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles F. Hemphill
County Auditor
Upton County
Rankin, Texas

Dear Sir:

Opinion No. O-5069
Re: Under the facts submitted were
the County Judge, County Attor-
ney, Sheriff, Tax Assessor-
Collector and County and Dis-
trict Clerk placed upon a
salary or fee basis for the
year 1943, and are such offi-
cers entitled to receive any
more than the amounts provided
by the court to be paid them?
And other related questions.

Your letter of recent date requesting the opinion
of this department on the questions as stated therein is as
follows:

"At the first regular meeting of the Commis-
sioners' Court of Upton County held on Monday,
January 11, 1943, the following orders, amongst
others, were passed:

"'Motion by Commissioner J. O. Currie, duly
seconded by Commissioner Burley McCullom, that
all Upton County, Texas, officials as follows be
placed on a fee basis for the year 1943: Sheriff-
Assessor and Collector; County Attorney; County
and District Clerk; All Constables; All Justices
of the Peace'.

"'Motion by Commissioner W. E. Yates, duly
seconded by Commissioner J. O. Currie, that the
following Upton County Official Salaries be set

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Charles F. Hemphill, Page 2

according to the Statutes of the State of Texas for the year 1943: H. G. Yocham, County Commissioner Precinct No. 1, $1,800.00 per year; W. E. Yates, County Commissioner Precinct No. 2, $1,800.00 per year; J. O. Currie, County Commissioner Precinct No. 3, $1,800.00 per year; Burley McCollum, County Commissioner Precinct No. 4, $1,800.00 per year; Mrs. J. E. Rains, County Treasurer, $1,999.92 per year; Chas. F. Hemphill, County Auditor, $1,675.00 per year.'

"'On this 11th day of January, 1943, there came on for consideration among other matters the Ex Officio salaries of the County Judge; County and District Clerk and Sheriff, Assessor and Collector, and it being the desire of the Court that said officers be allowed to make the maximum salaries allowed by law, and in order for them to do so, it is necessary to allow said Officers Ex-Officio salaries, ON MOTION by Commissioner W. E. Yates, seconded by Commissioner J. O. Currie, the maximum net salaries to be earned by the County Judge; County and District Clerk, and Sheriff and Assessor and Collector, shall not exceed the Statutory limit of $3000.00, each, including all fees and ex-officio salary. And that the ex-officio salary of the County Judge be fixed at $3000.00; and that the Ex-officio salary of the County and District Clerk be fixed at $3000.00 per year; and that the Ex-Officio Salary of the Sheriff, Assessor and Collector be fixed at $3000.00, for the year 1943, and same be paid in twelve equal payments'.

"By order entered passed and entered the same day the meeting was adjourned or recessed until January 13, 1943, on which last mentioned date the following order was passed by the Commissioners, to-wit:

"'Motion by Commissioner J. O. Currie, duly seconded by Commissioner Burley McCollum that the maximum net salary to be earned by the County Attorney, John A. Menefee, shall not exceed $1800.00 per year, including all fees and ex-officio salary, and the ex-officio salary for the County Attorney

Honorable Charles F. Hemphill, Page 3

is hereby fixed at $1800.00, for the year 1943, to be paid in twelve equal payments'.

"My construction of the applicable subdivisions of Article 3883 is that the maximum amounts the County Judge, County Attorney, Sheriff-Assessor-Collector and County-District Clerk (Upton County having less than 20,000 inhabitants) may receive would be $3,000.00, each. An Officers' Salary Fund was provided for by the Commissioners' Court prior to this year. What I am in a quandary about is whether or not the Commissioners' Court of Upton County, by their said action taken on the date of their first regular meeting in January, 1943, placed the elective county officers upon a salary basis as provided by the applicable subdivision of Article 3912, Vernon's Texas Civil Statutes, or whether, by their said action, they merely provided for the payment of ex-officio salaries and left them under the fee bill. I would, therefore, greatly appreciate it if you will give me your opinion upon

"1. Whether the County Judge, County Attorney, Sheriff-Assessor and Collector and County-District Clerk were placed upon a salary or fee basis for the year 1943 and whether they are entitled to receive any more than the amounts provided by the court to be paid them in the above orders.

"2. Whether the County Attorney may receive lawfully any more than the $1,800.00 per year allowed him in the order passed on January 13, 1943, in view of the first order passed on the 11th placing him and the others, apparently, on the fee basis, and the one passed on the 13th giving him $1,800.00 per year and providing that the same should be in lieu of or 'including all fees and ex-officio salary'.

"3. Should all the above mentioned four county officials be required to turn over all fees of office collected by them for deposit in the

Officers' Salary Fund of the county, or should the
County Attorney alone do so inasmuch as the order
authorizing payment to the others does not say
that such salary shall include all fees and ex-
officio salary."

The population of Upton County is 4,297 inhabitants
according to the 1940 Federal Census. The assessed tax valu-
ation of said county for the year 1942 was $14,295,004.00.

Section 2 of Article 3912e, Vernon's Annotated Civil
Statutes reads in part as follows:

". . . In counties having a population of
less than twenty thousand (20,000) inhabitants
according to the last preceding Federal Census,
it shall likewise be the duty of the Commission-
ers' Court, by its order duly made and entered
of record at its first regular meeting in January
of each calendar year, to determine whether coun-
ty officers of such county (excluding county
surveyors, registrars of vital statistics and
notaries public) shall be compensated for the
fiscal year on the basis of an annual salary or
whether they shall be compensated on the basis
of fees earned by them in the performance of
their official duties, and it shall also be the
duty of the county clerk to forward to the Comp-
troller of Public Accounts of the State of Texas,
on or before the 31st day of January, a certified
copy of said order of said Commissioners' Court."

The motions and orders of the Commissioners' Court
as heretofore quoted are so vague, contradictory and indefinite,
we cannot categorically say whether the county officials of
Upton County are to be compensated on a fee basis or an annual
salary basis for the year 1943.

This department has repeatedly held that the Commissioners'
Court in counties having a population of less than 20,000 inhabi-
tants according to the last preceding Federal Census, in deter-

mining whether the county officials of such county (excluding county surveyors, registers of vital statistics and notary publics) are to be compensated for the fiscal year on the basis of an annual salary or whether they are to be compensated on the basis of fees earned by them in the performance of their official duties, the court, must place all of the county officers on an annual salary basis or on a fee basis. In other words, the Commissioners' Court cannot place some of the county officers on an annual salary basis and some of the county officers on a fee basis. What was said above with reference to the fixing of compensation of county officials is equally applicable relative to the fixing of compensation for precinct officers. All precinct officers must be compensated on an annual salary basis or all must be compensated on a fee basis. (See Opinion No. O-516, Conference Opinion No. 3045).

With reference to the salaries of the county commissioners, we direct your attention to Articles 2350 and 2350(II), Vernon's Annotated Civil Statutes. As the assessed tax valuation of said county is $14,298,004.00 for the year 1942, the maximum salary of each county commissioner cannot exceed $1800 each per year under the provisions of Article 2350, supra. It is our opinion that the commissioners' court fixed the salary of that county commissioners as authorized by law.

Section 15 of Article 3912e, Vernon's Annotated Civil Statutes provides in part:

"The commissioners' court in counties having a population of less than twenty thousand (20,000) inhabitants, according to the last preceding Federal Census at the first regular meeting in January of each calendar year, may pass an order providing for compensation of all county and precinct officers on a salary basis. The commissioners' court in each of such counties is hereby authorized, and it shall be its duty, to fix the salaries of Criminal District Attorneys. In the event such Court passes such order, they shall pay to each

Honorable Charles F. Hemphill, Page 6

of said district and county officers in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by said officer in his said official capacity for the fiscal year of 1935 and not more than the maximum allowed such officer under laws existing August 24, 1935, * * * provided, that in counties having a population of less than twenty thousand (20,000) inhabitants according to the last preceding Federal Census, and having an assessed valuation in excess of ten million ($10,000,000) dollars according to the last preceding approved tax roll of such county, the maximum amount allowed such officers as salaries may be increased one (1) percent for each one million ($1,000,000) dollars valuation, or fractional part thereof, in excess of said ten million ($10,000,000) dollars valuation over and above the maximum provided and allowed such officers under laws existing on August 24, 1935; provided, however, no salaries covered by this section shall exceed the sum of four thousand five hundred ($4,500.00) dollars regardless of the percentage of increase in population and the valuation * * *."

In the event the county officials of Upton County are to be compensated on an annual salary basis, their salaries must be fixed in compliance with section 15, Article 3912e. On the other hand, if the county officials of said county are to be compensated on the basis of fees earned by them in the performance of their official duties, under the applicable provisions of Articles 3883 and 3891, Vernon's Annotated Civil Statutes, the maximum annual fees that may be retained by the county officials mentioned in Article 3883 cannot exceed three thousand ($3,000.00) dollars each. In counties where the county officials are compensated on an annual salary basis, the commissioners' court has no authority to allow any ex-officio compensation. (Paragraph (b) of Section 6, Article 3912e, Vernon's Annotated Civil Statutes).

Honorable Charles F. Hemphill, Page 7

Article 3895 of Vernon's Annotated Civil Statutes prohibits the commissioners' court from allowing compensation for ex-officio services to county officials where the compensation and excess fees which they are allowed to retain shall reach the maximum provided for, but provides that, where the compensation and excess fees do not reach such maximum, the court shall allow ex-officio compensation if in their judgment it is necessary. In other words, this statute authorizes the commissioners' court to allow an officer compensation for ex-officio services provided that such compensation, together with the fees retained by him under Articles 3883 and 3891 does not amount to more than the limit fixed by them. The making of the allowance for ex-officio compensation is discretionary with the commissioners' court, within the limits prescribed. The commissioners' court can allow ex-officio compensation only to the extent that such compensation together with the fees retained by each of the officers heretofore mentioned provided the amount does not amount to more than the limit fixed by Articles 3883 and 3891.

The Sheriff of Upton County also performs the duties of tax assessor-collector for said county. This department has repeatedly held that where the duties of the tax assessor-collector are imposed upon the Sheriff under the laws of this State, the Sheriff holds only one office, that is the office of Sheriff, and performs the additional duties of tax assessor-collector. In no event can the commissioners' court allow the Sheriff ex-officio compensation in excess of one thousand dollars per annum. (See Article 3934, Vernon's Annotated Civil Statutes).

Apparently the commissioners' court in attempting to fix the ex-officio compensation of the County Judge, the Sheriff Assessor and Collector of taxes and the County Clerk, who also performs the duties of district clerk at the maximum of three thousand ($3000.00) dollars each per year upon the basis that none of these officials would earn any fees, whatsoever. The same can be said with reference to the County Attorney, except that his ex-officio compensation was limited to eighteen hundred ($1800.00) dollars per year. It is also apparent that the commissioners' court attempted to limit the

Honorable Charles F. Hemphill, Page 8

compensation of the County Attorney to the sum of eighteen hundred ($1800.00) Dollars. Where the county officials are compensated on a fee basis, the commissioners' court has no legal authority or right to limit their fees that may be earned by such officials in the performance of their official duties. The statutes (Articles 3883 and 3891) fixes the maximum fees and compensation that may be earned and retained by such officers. With reference to ex-officio compensation the law prescribes no time when the commissioners' court may fix the ex-officio compensation of the county officials; nor is there any inhibition to the changing the amount thereof whenever the commissioners' court concludes, for any reason, that such allowances are too great or too small. They have the right and power, at any time before the money is actually paid out to the officer, to change, modify, or even entirely repeal or revoke the order allowing ex-officio compensation, provided the compensation of ex-officio services allowed shall not increase the compensation of the official beyond the maximum of the compensation and excess fees allowed to be retained by him by law. (See the case of Collingsworth County v. Myers, 35 S.W. 414).

In view of the foregoing you are respectfully advised that it is our opinion that the commissioners' court can legally fix the ex-officio compensation of the County Judge, County Clerk, and the County Attorney in compliance with and as authorized by Article 3895 at any amount so long as the amount of ex-officio compensation allowed together with the fees retained by each officer under the above mentioned statutes does not amount to more than the limit fixed by them.

The order of the commissioners' court reflects that the salary of the County Auditor was fixed at the sum of eighteen hundred seventy-five ($1875.00) dollars per year. For the purpose of this opinion we assume that said compensation was fixed in compliance with and as authorized by Article 1645, Vernon's Annotated Civil Statutes as amended, and that the salary of the County Auditor was fixed by the District Judge and approved by the Commissioners' Court in compliance with said Article 1645, provided the facts required the approval of the commissioners' court under said statute.

It is noted that in one of the orders that the commissioners' court heretofore quoted that the compensation of the County Treasurer was fixed at $1999.92 per year. Articles 3941 and 3942, Vernon's Annotated Civil Statutes prescribe the maximum commissions for the County Treasurer in receiving and paying out funds. The commissioners' court may not change the plan for compensating the treasurer from a fee to salary basis, and any attempt to fix a definite salary in lieu of commissions is void. (Greer v. Hunt County, 249 S.W. 831; State v. Jerdon, 26 S.W. (2d) 1211; Tex Jurisprudence, Vol. 11, p. 600 and authorities cited therein).

The treasurer is entitled to receive compensation at the rate fixed by statute, until changed by an order fixing his commissions.(Rusk County v. Hightower, 202 S.W. 802; Montgomery County v. Talley, 169 S.W. 1141). If a salary is provided with a proviso that, if the lawful commissions amount to less than the salary, he shall receive no more than his lawful commissions, the order in effect fixes a maximum which may be earned as commissions. On the other hand, an order providing for a certain sum as commission, payable regardless of the amount of money passing through the treasurer's hands, has the effect of fixing a salary basis of compensation, and is invalid under the statutes. (See Greer vs. Hunt County, 249 S.W. 831). In a county containing a population of less than twenty thousand inhabitants according to the last preceding Federal Census, where the county officials are compensated on a fee basis, the commissioners' court has no authority to place the county treasurer on a salary basis. The only authority the commissioners' court has in this instance is to fix the rate of commissions within the statutory limit. The commissioners' court may fix the treasurer's commission at any rate, not to exceed the statutory rate, and may also reduce the maximum sum to be paid on the rate as fixed to any amount less than the statutory maximum. If the commissioners' court has not fixed the commission, by order of said court, the county treasurer is entitled to receive the maximum fees or rather commissions as fixed by the statutes. (Baxter v. Rusk County, 11 S.W. (2d) 648).

Honorable Charles F. Hemphill, Page 10

As we have heretofore stated that we cannot categorically say whether the commissioners' court has placed the county officials of Upton County on a fee basis or a salary basis, we believe the foregoing discussion disposes of the questions submitted under the facts and circumstances.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 24, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

By *Ardell Williams*

Ardell Williams
Assistant

AW:nw



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN